BECKER, Circuit Judge, dissenting.
I agree with the majority that George King did not act in bad faith. I cannot agree that he was not negligent, even under a low threshold. In my view there is a genuine issue of material fact as to whether King was in fact quite negligent in failing to do any research into the effects a change-in-control agreement might have upon the period in which a participant is required to exercise his options. More specifically, the record demonstrates that King performed no research, legal analysis or investigation into whether the two-year period in which Dinger and Sallade continued to receive salary, pension benefits, and health benefits could be considered “employment”.
This failure is especially problematic in view of the fact that, even before the change in control, as King knew, Dinger and Sallade were to be treated as employees for pension and health benefit purposes. Thus there is, I believe, a genuine issue of material fact as to whether Dinger and Sallade believed that a reasonable investigation on King’s part would have led to the same conclusion that he reached later that year after “careful legal and accounting review.” (424a). Indeed, in discussing the reasoning behind this later decision, King testified:
Q. Then you set forth the results of your determination. Did you believe that this was a new interpretation of the plan or plans, I should say?
A. No, I think that this was an interpretation or a confirmation that was consistent with other decisions we made that a severance period counted as employment. We had made that decision with regard to the qualified pension plan, for example, so this was a decision that was consistent with our previous decisions on employment status. It was a case of applying that decision process to the wording in the stock option agreements that gave a consistent definition for “termination.”
I respectfully dissent.